IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ALFRED ABUNAW, | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-16-3075 |
| PEDRO CAMPOS, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Alfred Abunaw visited a branch of Wells Fargo Bank, N.A. (the "Bank") on business on September 12, 2013.[1] Compl. ¶¶ 5, 12, ECF No. 1. According to Abunaw, Defendant Pedro Campos, the branch manager, called the police and falsely reported that Abunaw had refused to leave when asked. *Id.* ¶ 15. As a result, he claims, police officers asked him to step outside of the bank, and he was "unlawfully and brutally" arrested, briefly imprisoned, and falsely charged with disorderly conduct. *Id.* at 4, ¶¶ 17–27. He also claims that the police unlawfully searched his car while he was in jail. *Id.* ¶ 24. At trial on the ensuing charge, Abunaw agreed to community service, and his case was placed on the stet docket. *Id.* ¶¶ 36–43. He later requested that his case be reopened. *Id.* ¶ 50. When he went to court for trial, he saw Campos and the prosecutors leave the courtroom, and then he learned that the case against him had been dismissed. *Id.* ¶¶ 51–54.

---

[1] For the purposes of resolving Defendants' motions to dismiss, I accept the facts alleged in Abunaw's Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). I also may take judicial notice of court records. Fed. R. Evid. 201(b); *see also Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) ("[A] court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

He filed *Abunaw v. Prince George's Corrections Dep't*, Civil Action No. DKC-13-2746 ("*Abunaw I*"), in this Court in 2013, bringing claims against the Prince George's Police Department and Department of Corrections (construed as claims against Prince George's County (the "County")), as well as claims against Officers Perret and Rustin. ECF Nos. 1 & 3 in *Abunaw I*. His claims against the officers were dismissed for failure to comply with an order to serve them properly. ECF No. 30 in *Abunaw I*. Abunaw's claims against the County were dismissed for failure to state a *Monell*[2] claim. ECF No. 35 in *Abunaw I*. He sought leave to amend to add Commissioner Brian Lofton (the "Commissioner") as a defendant, but his request was denied as frivolous because he tried to claim that the Commissioner was part of a conspiracy, without providing sufficient factual support. ECF Nos. 29 & 35 in *Abunaw I*. Abunaw also sought leave to amend his pleadings to include claims against the Bank and Campos, but the Court denied his motion to amend as futile because, while Abunaw did not identify his cause of action, "the only apparent candidate [was] 42 U.S.C. § 1981," and he could not state a claim pursuant to § 1981. ECF Nos. 9 & 10 in *Abunaw I*.

Then, on September 6, 2016, he filed this action (*pro se*) pursuant to 42 U.S.C. § 1983, unambiguously labeling it as a "Refiling" of *Abunaw I*. ECF No. 1. He named Campos; Officers Perret and Rustin; "Other Unknown P.G. County Officers"; "Other Unknown P.G. County Corrections Officers"; the Commissioner; the Prince George's County Police Department; the Prince George's Corrections Department;[3] the County; and the Bank as

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[3] "Local police departments are not legal entities amendable to civil suit—the local police department's parent municipal corporation is the proper defendant." *Costley v. City of Westminster*, No. GLR-16-1447, 2017 WL 35437, at *1 n.1 (D. Md. Jan. 4, 2017) (citing *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989)), *aff'd sub nom. Costley v. Steiner*, 689 F. App'x 753 (4th Cir. 2017). Additionally, the Prince George's County Department of Corrections does not qualify as a "person" acting under color of state law for purposes of § 1983,

Defendants. *Id.* He alleges false arrest, use of excessive force, unauthorized search, false imprisonment, and malicious prosecution, all in violation of § 1983. *Id.*

The Commissioner, the Bank, the County, and Campos each filed a Motion to Dismiss and Memorandum in Support. ECF Nos. 22, 22-1 (Commissioner's Mot. & Mem.); ECF Nos. 24, 24-1 (the Bank's Mot. & Mem.); ECF Nos. 25, 25-1 (Campos's Mot. & Mem.); ECF Nos. 27, 27-1 (the County's Mot. & Mem.). Abunaw filed a Response to Defendants' Motions to Dismiss Complaint and Motion for Leave to File Amended Complaint. ECF No. 33. The County, the Bank, and Campos filed replies. ECF No. 35 (the County's Reply), ECF No. 36 (the Bank and Campos's Reply). A hearing is not necessary. *See* Loc. R. 105.6. Because *res judicata* bars the claims Abunaw asserts in this case, I will grant Defendants' motions and dismiss this case.[4] His Motion to Amend is denied as futile.

**Motion to Dismiss**

*Standard of Review*

The County, the Bank, and Campos move to dismiss pursuant to Rule 12(b)(6), under which Abunaw's pleadings are subject to dismissal if they "fail[ ] to state a claim upon which

---

and therefore also is not a proper defendant. *See Blanchard v. Prince George's Cty. Corr.*, No. PJM-16-593, 2017 WL 371799, at *1 n.2 (D. Md. Jan. 25, 2017); *see also* 42 U.S.C. § 1983. The County, however, is amenable to suit and qualifies as a "person" for purposes of § 1983. *See Peterson v. Prince George's Cty.*, No. PWG-16-1947, 2017 WL 2666109, at *2 (D. Md. June 21, 2017) ("The County, as a unit of local government, is a 'person[ ]' subject to suit under 42 U.S.C. § 1983, as stated in *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978)." (citing *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999)). I will terminate the Prince George's County Police Department and the Prince George's Corrections Department as Defendants but, because Abunaw is proceeding *pro se*, I will construe his claims against these Defendants as claims against the County. *See Costley*, 2017 WL 35437, at *1 n.1; Fed. R. Civ. P. 1.

[4] Because *res judicata* requires the dismissal of this lawsuit as against all Defendants, it is not necessary for me to decide the alternative arguments for dismissal that Defendants have raised.

3

relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at \*4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). If an affirmative defense "clearly appears on the face of the [pleading]," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at \*2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is *res judicata*, or claim preclusion, and the County asserts this defense. Additionally, this Court may dismiss an action *sua sponte* under the doctrine of *res judicata* if it "is on notice that the issues presented in a suit have been previously decided." *Roberts v. Thrasher*, No. ELH-15-1906, 2015 WL 4485477, at \*2 (D. Md. July 20, 2015) (quoting *Arizona v. California*, 530 U.S. 392, 413 (2000) (citation and citation marks omitted)). I am aware of Judge Chasanow's rulings dismissing Abunaw's claims and denying his motions to amend in *Abunaw I*, an action based on the same incident and in which Abunaw named the County and Officers Perret and Rustin as defendants and sought leave to amend to add the Commissioner, the Bank, and Campos as defendants. Compl. 1, ECF No. 1 in *Abunaw I;* Am. Compl. 1, ECF No. 3 in *Abunaw I*; Mots. to Am., ECF Nos. 9 & 29 in *Abunaw I*. Therefore, it is

appropriate to consider this doctrine with regard to all claims. *See Roberts*, 2015 WL 4485477, at *2; *Innocent v. Bank of New York Mellon*, No. PWG-16-1132, 2016 WL 8273956, at *1 (D. Md. Apr. 25, 2016) (citing *Roberts*), *aff'd sub nom. Innocent v. The Bank of New York Mellon*, 668 Fed. App'x 467 (4th Cir. 2016).

When, as here, a party raises the defense of *res judicata* in federal court with regard to a prior judgment issued by a federal court exercising federal question jurisdiction, federal common law governs the preclusive effect of the prior federal court judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal law, *res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted)). Through this authority, the Court can protect "the important judicial interest in avoiding resolution of an issue that the court has already decided." *Roberts*, 2015 WL 4485477, at *2 (quoting *Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 655 (4th Cir. 2006)).

*Res judicata* provides grounds for dismissal if there was "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coal.*, 556 F.3d at 210 (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if the plaintiff's legal theory differed in the earlier dispute, *res judicata* still may bar the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff*, 914 F.2d at 42). Significantly, "a plaintiff cannot avoid the bar of

5

*res judicata* by bringing in additional [defendants]." *Rout v. First Sav. Mortg. Corp.*, No. RWT-11-505, 2011 WL 3820523, at *2 (D. Md. Aug. 26, 2011) (quoting *Csabai v. Martek Biosciences Corp.,* No. CCB-11-316, 2011 WL 1831777, at *3 (D. Md. May 12, 2011) (internal quotation marks and citations omitted) (emendation in *Csabai*); *Hodge v. Calvert Cnty.*, No. PJM-09-2252, 2009 WL 2884928, at *3 n.4 (D. Md. Sept. 4, 2009) ("Plaintiffs cannot avoid the bar of *res judicata* simply by adding new defendants to the second suit."), *aff'd*, 379 Fed. App'x 298 (4th Cir. 2010); *Bond v. Blum*, No. JFM-07-1385, 2007 WL 5921363, at *2 (D. Md. June 25, 2007), *aff'd*, 294 Fed. App'x 70 (4th Cir. 2008).

## *Discussion*

Abunaw does not dispute that he is the same party who made claims in *Abunaw I*. Further, the County and Officers Perret and Rustin were defendants in *Abunaw I*, and Abunaw sought to add the Commissioner, the Bank and Campos as defendants in that litigation. Neither the inclusion of the Commissioner, the Bank and Campos as Defendants in this case, nor the addition of unnamed officers as defendants bars the application of *res judicata*. *See Rout*, 2011 WL 3820523, at *2; *Csabai*, 2011 WL 1831777, at *3; *Hodge*, 2009 WL 2884928, at *3 n.4. Thus, the element "claims by the same parties or their privies" is present. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Aliff*, 914 F.2d at 42.

Abunaw also does not dispute that this suit is based on the same cause of action as the first suit: § 1983. And, insofar as the Court construed his proposed claims against the Bank and Campos in *Abunaw I* as § 1981 claims, the claims here against the Bank and Campos still "arise[] out of the same transaction or series of transactions as the claim[s] resolved by the prior judgment" in *Abunaw I*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Aliff*, 914 F.2d at 42; Pl.'s Opp'n & Mot. to Am. 10 (acknowledging that "[t]he facts have not changed"). Thus, this

element of *res judicata* is present as well. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Aliff*, 914 F.2d at 42.

Yet, Abunaw insists that *res judicata* does not bar this suit because "[t]he previous complaint was not dismissed based on the merits of the case." Pl.'s Opp'n & Mot. to Am. 9. In *Abunaw I*, Judge Chasanow ordered that "Plaintiff Alfred Abunaw's claims against Defendants Prince George's Corrections Department and Prince George's Police Department, which have been construed as against Prince George's County, BE, and the same hereby ARE, DISMISSED." Order, ECF No. 35 in *Abunaw I*. And, she ordered that "Plaintiff's amended complaint be and the same hereby IS DISMISSED as to Defendants Perret and Rustin." Order, ECF No. 30 in *Abunaw I*. Neither order specified whether the dismissal was with prejudice.

But, "[u]nless the dismissal order states otherwise, . . . any dismissal not under [Fed. R. Civ. P. 41]--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Judge Chasanow dismissed the claims against the County pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Mem. Op. 5, 9, ECF No. 34 in *Abunaw I*. As for the defendant officers, the basis for dismissal was Abunaw's failure to comply with an order directing him to present summonses for the officers to the Clerk for signature and seal. Order, ECF No. 30 in *Abunaw I*. These dismissals operate as adjudications on the merits. *See* Fed. R. Civ. P. 41(b). Consequently, all elements of *res judicata* are present and this defense bars all of Abunaw's claims in this case.[5] *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Aliff*, 914 F.2d at 42.

---

[5] Additionally, while the inclusion of additional Defendants in this case does not prevent the application of *res judicata* based on the judgments on the merits against the defendants in the first case, *see Rout*, 2011 WL 3820523, at *2, I note that Judge Chasanow denied Abunaw's motions to amend to add claims against the Bank, Campos, and the Commissioner arising from the same incident. Mots. to Amend, ECF Nos. 9 & 29 in *Abunaw I*; Mem. Op. & Order, ECF

7

## Motion to Amend

### *Standard of Review*

When, as here, a plaintiff files a motion to amend more than twenty-one days after a defendant moved to dismiss, but before a deadline has been set for amending pleadings, Rule 15(a)(2) provides the standard for whether to grant the motion. *See* Fed. R. Civ. P. 15(a)(1), (2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012) (stating that Rule 16(b)(4) becomes the starting point in the Court's analysis after the deadline for amending pleadings has passed). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Whether to grant a motion for leave to amend is within this Court's discretion. *Foman*, 371 U.S. at 182. Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("We have interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.") (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

---

No. 10 in *Abunaw I*; Order, ECF No. 35 in *Abunaw I*. Thus, these denials also have *res judicata* effects on Abunaw's claims against these Defendants in this lawsuit. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004) ("The preclusion of a claim . . . prohibits a plaintiff . . . from circumventing an earlier ruling of the court . . . .").

Determining whether amendment would be futile does not involve "an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB-11-986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

## *Discussion*

In his Motion to Amend, Abunaw requests "that Commissioner Brian Lofton be removed as a defendant," and he states that he will "focus [his] very limited resources on defendants[] Pedro Campos, Wells Fargo Bank, N.A and Prince George's County Maryland." Pl.'s Opp'n & Mot. to Am. 2. To the extent that Abunaw seeks to amend to remove the Commissioner, Officers Perret and Rustin, and the unidentified officers as Defendants, his motion is denied as moot, as I have dismissed the claims against all Defendants based on *res judicata*.

Abunaw states that he attached the proposed amended complaint as required by the Court's Local Rules, *id.*, but it does not appear on the docket. Insofar as Abunaw seeks to amend his Complaint by augmenting his claims against Campos, the Bank, and the County with allegations made for the first time in his Opposition, he has not followed the procedures that this Court and Fourth Circuit law require for amending pleadings. This Court's Local Rules require that a party submit a copy of the proposed amended complaint, along with a redlined version to show the changes, when filing a motion to amend. Loc. R. 103.6(a), (c). As noted, Abunaw has not done so. Further, it is well-settled that a complaint cannot be amended through a response to

9

a dispositive motion. *See Velasquez v. Wexford Health Sources, Inc.*, No. PWG-16-1807, 2017 WL 4151278, at *8 (D. Md. Sept. 19, 2017). In any event, he does not propose any amendments that would prevent the application of *res judicata*, as he concedes that "[t]he facts have not changed," Pl.'s Opp'n & Mot. to Am. 10, such that the claims still "arise[] out of the same transaction or series of transactions as the claim[s] resolved by the prior judgment" in *Abunaw I*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Aliff*, 914 F.2d at 42. Accordingly, amendment would be futile, and his Motion to Amend is denied. *See Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

## Conclusion

In sum, Abunaw's Motion to Amend, ECF No. 33, IS DENIED. Defendants' Motions to Dismiss, ECF Nos. 22, 24, 25, and 27, ARE GRANTED, and Abunaw's claims ARE DISMISSED because they are barred by *res judicata*.

## ORDER

Accordingly, it is this  17th day of January, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The claims against the Prince George's County Police Department and the Prince George's Corrections Department are construed as claims against the County;

1. Abunaw's Motion to Amend, ECF No. 33, IS DENIED;

2. The Commissioner's, the County's, the Bank's, and Campos's Motions to Dismiss, ECF Nos. 22, 24, 25, and 27, ARE GRANTED;

3. This case IS DISMISSED WITH PREJUDICE; and

4. The Clerk SHALL CLOSE this case.

        /S/
Paul W. Grimm
United States District Judge